**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| |
|---|
| FRANCISCO J. ORTIZ & CO., INC., |
| **Plaintiff,** |
| **v.** |
| MASCO CORPORATION OF INDIANA, d/b/a THE DELTA FAUCET CO., |
| **Defendant.** |

**Civil No.** 15-1500 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Masco Corporation of Indiana ("MCI")'s motion to compel arbitration and dismiss the case without prejudice. (Docket No. 5.) For the reasons that follow, the motion is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE.**

## I. BACKGROUND

Plaintiff Francisco J. Ortiz & Co., Inc. ("FJO") is a Puerto Rico corporation, and defendant MCI is an Indiana corporation. (Docket No. 1-2 at pp. 1-2.) In 1964, FJO and MCI established a commercial relationship pursuant to which FJO became a sales representative for MCI products. Id. at p. 2. The contractual relationship continued unaltered until 2009, when FJO and MCI signed a new representation agreement (the "2009 agreement"). Id. at p. 3.

The 2009 agreement contains two provisions that were not included in any previous written agreement between the parties.

First, it contains a clause expressly granting MCI the right to appoint additional sales representatives for its products in Puerto Rico.  (Docket No. 1-2 at pp. 4, 38.)  Second, it contains the following arbitration clause:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be determined by arbitration administered by the International Center for Dispute Resolution of the American Arbitration Association in accordance with its International Arbitration Rules. The number of arbitrators shall be three (3). The place of arbitration shall be in the city of Indianapolis, Indiana, USA. The language of the arbitration shall be in English. The arbitrators shall issue a reasoned award, and it shall be final and binding upon the parties and not subject to further appeal. The arbitrators shall be empowered to award money damages but may not award consequential, incidental, exemplary or punitive damages or order specific performance.

Id. at pp. 44-45.

On September 3, 2014, defendant MCI sent a letter to plaintiff FJO terminating the 2009 agreement effective December 2, 2014.  See Docket No. 1-2 at pp. 6, 51.

On March 3, 2015, FJO filed suit against MCI in Puerto Rico Superior Court seeking damages pursuant to Puerto Rico's Sales Representative Act, commonly known as Law 21, P.R. Laws Ann. tit. 10, §§ 279-279h.  (Docket No. 1-2 at pp. 1-10.)  MCI removed the case to federal court on diversity grounds.  (Docket No. 1.)

MCI then moved to compel arbitration, citing the arbitration clause in the 2009 agreement.  (Docket No. 5.)  FJO opposed, arguing that the 2009 agreement should be declared "null and void"

because FJO signed the agreement "under duress and intimidation." (Docket No. 14 at p. 5.)  MCI replied, and FJO filed a surreply. (Docket Nos. 17, 20.)

While MCI's motion to compel arbitration was pending, the Court issued a case management order setting deadlines and proceedings leading up to trial on November 14, 2016.  (Docket No. 21.)  MCI requested a stay of these deadlines and proceedings until the Court ruled on MCI's motion to compel arbitration. (Docket No. 22.)  The Court denied the request to stay.  (Docket No. 23.)  MCI filed a notice of appeal, stating that the Court's refusal to stay "effectively denied" MCI's motion to compel arbitration.  (Docket No. 29.)  MCI then moved the Court to stay the proceedings pending appeal.  (Docket No. 30.)  FJO opposed the motion to stay, and MCI replied.  (Docket Nos. 35, 38.)

## II.  DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, expresses a congressional policy favoring arbitration.  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006).  The FAA mandates that district courts compel arbitration when the parties have signed a valid arbitration agreement governing the issues in dispute.  9 U.S.C. § 4; Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985).  Section 2 of the FAA provides that a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

of any contract." 9 U.S.C. § 2. "[G]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements . . . ." Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996).

In a line of cases beginning with Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967), the United States Supreme Court has divided challenges to the validity of arbitration agreements into two types: (1) challenges to the validity of the specific agreement to arbitrate, and (2) challenges to the validity of the whole contract containing the agreement to arbitrate. See Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 70 (2010); Buckeye, 546 U.S. at 444; Prima Paint, 388 U.S. at 402-04. The type of challenge governs who resolves it. Challenges of the first type are for courts to consider before compelling arbitration, whereas challenges of the second type are for arbitrators to decide in the first instance. Rent-A-Ctr., 561 U.S. at 70-71; Buckeye, 546 U.S. at 444-46; Prima Paint, 388 U.S. at 402-04.

This rule is rooted in FAA Section 2's severability doctrine, which requires "that courts treat an arbitration clause as severable from the contract in which it appears and enforce it according to its terms unless the party resisting arbitration specifically challenges the enforceability of the arbitration clause itself, . . . or claims that the agreement to arbitrate was [n]ever concluded." Granite Rock Co. v. Int'l Bhd. of Teamsters,

561 U.S. 287, 301 (2010) (alteration in original) (citations and
quotation marks omitted); <u>see</u> 9 U.S.C. § 2.   In a validity
challenge based on fraud, for example, "even where . . . the
alleged fraud that induced the whole contract equally induced the
agreement to arbitrate which was part of that contract[,] . . . the
basis of challenge [must] be directed specifically to the agreement
to arbitrate before the court will intervene."   <u>Rent-A-Ctr.</u>, 561
U.S. at 71; <u>accord</u> <u>Farnsworth v. Towboat Nantucket Sound, Inc.</u>, 790
F.3d 90, 98 (1st Cir. 2015) (finding that "general claim of duress"
in signing a contract "was not used to support a direct challenge
to the arbitration provision and so was not specific enough to
permit court adjudication of the duress as to arbitration clause
claim"); <u>Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.</u>, 638 F.3d
367, 383 (1st Cir. 2011).

    The United States Supreme Court recognized that this rule may
seem harsh in that it "permits a court to enforce an arbitration
agreement in a contract that the arbitrator later finds to be
void," but the court nonetheless reaffirmed that "a challenge to
the validity of the contract as a whole, and not specifically to
the arbitration clause, must go to the arbitrator."   <u>Buckeye</u>, 546
U.S. at 448-49.

    Here, FJO opposes MCI's motion to compel arbitration on the
ground that it signed the 2009 agreement, which contains the
arbitration clause, "under duress."   (Docket No. 14 at pp. 4-5.)

FJO explains that although it had a contractual relationship with
MCI since 1964, MCI demanded that FJO sign a new contract in 2009
that "purported to materially alter the relationship between the
parties to the benefit of [MCI] and the detriment of [FJO]" by
adding an arbitration clause and a non-exclusivity clause to the
sales representation arrangement. Id. at p. 3. FJO alleges that
it resisted signing the new agreement, but that MCI "insist[ed],"
"pressure[d]," and "intimidated" FJO until FJO signed the agreement
out of fear that it would lose its business. See id. at pp. 1-4;
Docket No. 1-2 at p. 3. FJO provides an unsworn statement under
penalty of perjury by FJO's vice president in which he states that
he signed the 2009 agreement "under duress consisting of the fear
of losing [the] company's largest client in a depressed economy."
(Docket No. 14-1.)

    Based on FJO's own arguments summarized above, its duress
challenge is directed to the validity of the whole 2009 agreement
and not to the arbitration clause specifically. FJO does not
present a duress attack on the validity of the arbitration clause
that is separate and distinct from its attack on the validity of
the entire 2009 agreement. Accordingly, the arbitration clause is
severable from the 2009 agreement, the Court must enforce the
arbitration clause according to its terms, and the duress challenge
must be decided by the arbitrator in the first instance. See

Granite Rock, 561 U.S. at 301; Rent-A-Ctr., 561 U.S. at 71;
Farnsworth, 790 F.3d at 98; Dialysis Access Ctr., 638 F.3d at 383.

    The arbitration clause in the 2009 agreement covers "[a]ny
controversy or claim arising out of or relating to [the 2009
agreement], or the breach thereof."  (Docket No. 1-2 at p. 44.)
This contractual language is broad enough to include FJO's Law 21
and duress claims, and FJO presents no argument to the contrary.
Therefore, the Court **GRANTS** MCI's motion to compel arbitration
(Docket No. 5).

    The next issue is the proper disposition of the case.
Pursuant to Section 3 of the FAA, where the issues before a court
are arbitrable, the court shall "stay the trial of the action until
such arbitration has been had in accordance with the terms of the
agreement."  9 U.S.C. § 3.  The First Circuit Court of Appeals has
held, however, that "a court may dismiss, rather than stay, a case
when all of the issues before the court are arbitrable."
Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n.21 (1st Cir.
1998); accord Next Step Med. Co. v. Johnson & Johnson Int'l, 619
F.3d 67, 71 (1st Cir. 2010) ("Where one side is entitled to
arbitration of a claim brought in court, in this circuit a district
court can, in its discretion, choose to dismiss the law suit, if
all claims asserted in the case are found arbitrable.").  Having
found that all claims in this case are arbitrable, the Court
**DISMISSES** the case, without prejudice.

Civil No. 15-1500 (FAB)                                                                            8

Finally, because the Court has granted the motion to compel arbitration and dismissed the case, MCI's motion to stay the case pending its interlocutory appeal of the Court's denial of MCI's motion to stay the case pending the Court's ruling on the motion to compel arbitration (Docket No. 30) is **MOOT**.

### III.  CONCLUSION

For the reasons explained above, the Court **GRANTS** MCI's motion to compel arbitration (Docket No. 5), and the case is **DISMISSED WITHOUT PREJUDICE.**  MCI's motion to stay the proceedings pending appeal (Docket No. 30) is **MOOT.**

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 3, 2015.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE